UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JILL A. H.,

                Plaintiff,

v.                                                                                  1:20-CV-1218
                                                                                    (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>6000 North Bailey Ave, Ste. 1A<br>Amherst, NY 14226 | ANTHONY ROONEY, ESQ.<br>KENNETH HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | DANIELLA CALENZO, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented, in accordance with a Standing Order, to proceed before the undersigned.  (Dkt. No. 18.)  The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.**      **RELEVANT BACKGROUND**

### A. Factual Background

Plaintiff was born in 1972. (T. 71.) She graduated high school. (T. 169.) Generally, Plaintiff's alleged disability consists of hypothyroidism, brain injury, cognitive memory issues, seizure, anxiety, post-traumatic stress disorder ("PTSD"), and depression. (T. 61.) Her alleged disability onset date is May 9, 2016. (T. 71.) Her date last insured is December 31, 2021. (*Id*.) Her past relevant work consists of cake decorator and bank teller. (T. 26, 169.)

### B. Procedural History

On June 8, 2017, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II of the Social Security Act. (T. 71.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On June 10, 2019, Plaintiff appeared before the ALJ, Susan Smith. (T. 33-59.) On August 19, 2019, ALJ Smith issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 12-32.) On July 10, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law. (T. 17-28.) First, the ALJ found Plaintiff met the insured status requirements through December 31, 2021, and Plaintiff had engaged in substantial gainful activity between July 2016 through December 2016; however, there was a continuous 12-month period during which Plaintiff did not engage in substantial gainful

activity. (T. 17.) Second, the ALJ found Plaintiff had the severe impairments of traumatic brain injury ("TBI") with residuals including cognitive impairment and depression. (*Id.*) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 18.) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c) except:

> she can never climb ladders, ropes, or scaffolds. [Plaintiff] must avoid even moderate exposure to hazards including dangerous moving machinery, uneven terrain, and unprotected heights. [Plaintiff] cannot perform driving jobs. [Plaintiff] must avoid exposure to irritants including dust, fumes, odors, gases, and poor ventilation, extreme heat and cold, wetness, and humidity. [Plaintiff] is limited to simple, routine, repetitive tasks involving little change in work structure or routine.

(T. 20.)[1] Fifth, the ALJ determined Plaintiff unable to perform her past relevant work as a cake decorator; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 26-28.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes one argument in support of her motion for judgment on the pleadings. Plaintiff argues the ALJ erred in determining the RFC. (Dkt. No. 14 at 11-18.) Plaintiff also filed a reply in which she deemed no reply necessary. (Dkt. No. 16.)

### B.   Defendant's Arguments

In response, Defendant makes one argument. Defendant argues the ALJ's RFC finding is supported by substantial evidence. (Dkt. No. 15 at 6-23.)

---

[1] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work. 20 C.F.R. § 404.1567(c).

## III.     RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

### IV. ANALYSIS

Plaintiff argues the ALJ's mental RFC determination was not supported by substantial evidence. (Dkt. No. 14 at 11-18.)[2]  Specifically, Plaintiff argues the opinion of consultative examiner, Christine Ransom, Ph.D. could not constitute substantial evidence to support the RFC because treatment notations from other providers conflicted with the doctor's findings.  (*Id*.)  For the reasons outlined below, the ALJ properly relied on the record as a whole, including Dr. Ransom's examination and opinion, in formulating Plaintiff's mental RFC determination and the determination was supported by substantial evidence in the record.

In general, the RFC is an assessment of "the most [Plaintiff] can still do despite [her] limitations."  20 C.F.R. § 404.1545(a)(1).  An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ.  *Id*. § 404.1545(a)(1) ("We will assess your residual functional capacity based on all the relevant evidence in your case record."), *see id*. § 404.1546(c) ("the administrative law judge or the administrative appeals judge at the Appeals Council . . . is responsible for assessing your residual functional capacity").

The ALJ is obligated to formulate a plaintiff's RFC based on the record as a whole, not just upon the medical opinions alone.  *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 79 (2d Cir. 2018).  Indeed, the Second Circuit has held that where, "the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required."  *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017) (internal quotations and citation omitted);

---

[2] Neither party disputes the ALJ's physical RFC determination that Plaintiff could perform the exertional demands of medium work.

*see Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole.").  Additionally, the regulations direct an ALJ to "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's] medical sources."  20 C.F.R. § 404.1520c.

Here, the record does not contain an opinion from a treating source; however, it does contain medical source statements from consultative sources.  On September 9, 2017, Dr. Ransom, performed a psychiatric examination and an intelligence evaluation.  (T. 596-603.)  On examination, Dr. Ransom observed Plaintiff's attention and concertation were intact, her immediate memory was intact, and her recent memory was intact.  (T. 597-598.)  Dr. Ransom noted she "did not see any changes in memory function.  [Plaintiff] was able to remember specific details, dates and times of different events in her life including hospitalizations and amounts and doses of medication."  (T. 598.)  During her intelligence examination, Dr. Ransom observed Plaintiff's attention and concentration were "adequate."  (T. 601.)

Dr. Ransom issued the same medical source statement after each examination, opining Plaintiff:

> will have very mild episodic difficulty understanding, remembering and applying complex directions and instructions, regulating emotions, controlling behavior and maintaining well-being.  She will show no evidence of limitation understanding, remembering and applying simple directions and instructions, using reason and judgment to make work-related decisions, interacting adequately with supervisors, coworkers and the

7

      public, sustaining concentration and performing tasks at a consistent pace, sustaining an ordinary routine and regular attendance at work, maintaining personal hygiene and appropriate attire and being aware of normal hazards and taking appropriate precautions.

(T. 598-599, 602.)

      The ALJ found Dr. Ransom's opinion "persuasive." (T. 25-26.) Indeed, the ALJ's RFC for simple, routine, repetitive tasks with little change in work structure or routine, is consistent with Dr. Ransom's opinion Plaintiff had no limitations in understanding, remembering and applying simple directions and instructions, using reason and judgment to make work-related decisions, interacting adequately with supervisors, coworkers and the public, sustaining concentration and performing tasks at a consistent pace, sustaining an ordinary routine and regular attendance at work, maintaining personal hygiene and appropriate attire and being aware of normal hazards and taking appropriate precautions. (T. 20, 598-599, 602.)

      The record also contains the opinion of non-examining State agency medical consultant, G. Kleinerman. (T. 65-66.) Dr. Kleinerman reviewed the record on September 25, 2017. (T. 66.) The doctor opined "[b]ased on the totality of evidence in the file [Plaintiff] would have some mild difficulties understanding, remembering and apply complex directions and instructions." (*Id*.) The ALJ concluded Plaintiff had greater limitations than opined by Dr. Kleinerman based on objective observations of diminished concentration, positive findings on depression screenings, and cognitive testing. (T. 25.)

      Plaintiff argues Dr. Ransom's opinion could not support the ALJ's RFC determination because the doctor did not find deficits in affect, concentration, and

memory which conflicted with treating source findings from providers at DENT. (Dkt. No. 14 at 11, 13-15.)   To be sure, providers at DENT consistently noted diminished concentration on examination.  (*See ex*. T. 403, 408, 663, 655.)  However, the ALJ considered these positive findings and further considered areas of difficulty Plaintiff displayed on cognitive testing.  (T. 22, 26, 408, 505, 669, 721.)  The ALJ considered other treatment records observing that Plaintiff made appropriate eye contact, followed commands properly, had normal fund of knowledge, was cooperative, had normal speech and language, and by 2019, endorsed no continued depression symptoms.  (T. 26, 612, 614, 721.)

While Plaintiff asserts the consultative examination did not fully capture the extent of her impairments, the ALJ considered treatment notes and Plaintiff's testimony regarding the impact of her TBI including depression and decreased concentration.  (*See* T. 21-24.)  Plaintiff appears to argue the evidence could support greater limitations than those provided by the ALJ; however, the ALJ considered the evidence and came to a different conclusion.  Under the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position.  Substantial evidence "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).  Further, Plaintiff fails to show no reasonable factfinder could have reached the ALJ's decision.  Plaintiff must show that no

reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record.  *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012).

Here, the ALJ formulated Plaintiff's mental RFC based on the record as a whole and substantial evidence supports the ALJ's determination.  *See Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 79 (2d Cir. 2018) (ALJ is obligated to formulate a claimant's RFC based on the record as a whole).  The ALJ relied on the opinion of Drs. Ransom and Kleinerman.  The ALJ further considered objective evidence in the record Plaintiff had diminished concentration and other positive findings on examination.  However, the ALJ reasonably concluded that such limitations did not prevent Plaintiff from performing simple, routine, repetitive work with little change in work structure or routine.  In making his mental RFC determination the ALJ also considered Plaintiff was able to work part-time as a bagger.  (T. 24.)  Consideration of Plaintiff's work history, as a factor in her overall assessment, is appropriate, because "[t]he Commissioner's regulations provide that part-time work, even if not substantial gainful activity, may show a [plaintiff] is able to do more than they actually did."  *Washburn v. Colvin*, 286 F. Supp. 3d 561, 565 (W.D.N.Y. 2017), *appeal dismissed* (Mar. 30, 2018) (quoting *Downs v. Colvin*, 2016 WL 5348755, at *3 (W.D.N.Y. 2016)). The ALJ properly considered Plaintiff's ability to work part-time in her overall assessment of Plaintiff's allegations regarding the limiting effects of her impairments.

Overall, the ALJ's mental RFC determination limited Plaintiff to simple, routine, repetitive tasks involving little change in work structure or routine, is more consistent with, or restrictive, than the opinion provided.  Although the RFC does not mirror either opinion, the ALJ provided greater limitations based on additional evidence in the record.  Indeed, the ALJ provided greater limitations, in part, based on the evidence in the record Plaintiff asserts the ALJ ignored.  *See Riederer v. Comm'r of Soc. Sec.*, 464 F. Supp. 3d 499, 505-506 (W.D.N.Y. 2020) (ALJ did not err in assessing greater limitations than provided in medical opinions).  Therefore, the ALJ properly determined the mental RFC based on the record as a whole and substantial evidence supported the RFC determination.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:     April 20, 2022

William B. Mitchell Carter
U.S. Magistrate Judge